UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PALOMAR MEDICAL TECHNOLOGIES, INC

Plaintiff,

v.

SYNERON INCORPORATED,

Defendant.

Civil Action No.

**JURY DEMANDED**

## COMPLAINT

### INTRODUCTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### PARTIES

2. Plaintiff Palomar Medical Technologies, Inc. ("Palomar") is a Delaware corporation with a principal place of business at 82 Cambridge Street, Burlington, Massachusetts 01830.

3. Upon information and belief, Defendant Syneron Inc. ("Syneron") is a Delaware corporation, with a principal place of business at 1104 Heinz Drive, Str. B, Dundee, Illinois 60118.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Palomar's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this District under 28 U.S.C. §§ 1400(b). Syneron has transacted business and committed acts of infringement in this District, and this action arises from the transaction of that business and infringement.

## FIRST CLAIM FOR RELIEF
(Patent Infringement)

6. Palomar is the exclusive licensee of U.S. Patent No. 5,735,844 ("the '844 patent"), entitled "Hair Removal Using Optical Pulses," which is assigned to The General Hospital Corporation ("MGH"). The '844 patent was duly and legally issued on April 7, 1998.

7. Under U.S.C. ¶ 271(a) and (b), Syneron has and continues to infringe and induce infringement of the '844 patent, including without limitation, by making, using, selling and offering for sale products using light-based technology for hair removal, including but not limited to the Syneron eLight™, eMax™, eLaser™, Aurora DS, Polaris DS, Comet, and Galaxy systems.

8. Upon information and belief, Syneron's infringement has been and continues to be willful and deliberate.

9. As a result of Syneron's infringement, Palomar will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and have suffered substantial damages.

USIDOCS 6888546v1

## SECOND CLAIM FOR RELIEF
(Patent Infringement)

10. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully set forth here.

11. Palomar is the exclusive licensee of U.S. Patent No. 5,595,568 ("the '568 patent") entitled "Permanent Hair Removal Using Optical Pulses," which is assigned to MGH. The '568 patent was duly and legally issued on January 21, 1997.

12. Under U.S.C. ¶ 271(a) and (b), Syneron has and continues to infringe and induce infringement of the '568 patent, including without limitation, by making, using, selling and offering for sale products using light-based technology for hair removal, including but not limited to Syneron eLight™, eMax™, eLaser™, Aurora DS, Polaris DS, Comet, and Galaxy.

13. Upon information and belief, Syneron's infringement has been and continues to be willful and deliberate.

14. As a result of Syneron's infringement, Palomar will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and have suffered substantial damages.

WHEREFORE, Palomar request that the Court:

15. Adjudge that MGH is the owner and Palomar is the exclusive licensee of the '844 patent with right to recovery thereunder, and that the '844 patent is good and valid in law and enforceable;

USIDOCS 6888546v1

16. Adjudge that MGH is the owner and Palomar is the exclusive licensee of the '568 patent with right to recovery thereunder, and that the '568 patent is good and valid in law and enforceable;

17. Adjudge that Syneron has and continues to infringe and induce infringement of the '844 patent, and that such infringement has been willful and deliberate;

18. Adjudge that Syneron has and continues to infringe and induce infringement of the '568 patent, and that such infringement has been willful and deliberate;

19. Preliminarily and permanently enjoin Syneron, its officers, directors, employees, agents, licensees, successors, and assigns, and all persons in concert with them, from further infringement of the '844 patent;

20. Preliminarily and permanently enjoin Syneron, its officers, directors, employees, agents, licensees, successors, and assigns, and all persons in concert with them, from further infringement of the '568 patent;

21. Award Palomar compensatory damages;

22. Treble the damages assessed;

23. Award Palomar their costs and reasonable attorneys' fees; and

24. Award Palomar such other relief as the Court deems just and proper.

**PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

                Respectfully submitted,

                PALOMAR MEDICAL TECHNOLOGIES, INC.

                By their attorneys,

                /s/ Wayne L. Stoner

                Wayne L. Stoner (BBO # 548015)
                Vinita Ferrera (BBO # 631190)
                Kate Saxton (BBO # 655903)
                Wilmer Cutler Pickering Hale and Dorr LLP
                60 State Street
                Boston, Massachusetts 02109
                (617) 526-6000

Dated: November 14, 2008      (617) 526-5000