UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PALOMAR MEDICAL TECHNOLOGIES, INC. and THE GENERAL HOSPITAL CORPORATION ) ) ) ) Plaintiffs, ) ) v. ) ) ) SYNERON INCORPORATED, ) ) Defendant. ) | Civil Action No. 08-11902-RWZ  **JURY DEMANDED** |

## FIRST AMENDED COMPLAINT

### INTRODUCTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### PARTIES

2. Plaintiff Palomar Medical Technologies, Inc. ("Palomar") is a Delaware corporation with a principal place of business at 82 Cambridge Street, Burlington, Massachusetts 01830.

3. Plaintiff The General Hospital Corporation is a Massachusetts not-for-profit corporation doing business as the Massachusetts General Hospital ("MGH") with a principal place of business at 55 Fruit Street, Boston, Massachusetts 02114.

4. Upon information and belief, Defendant Syneron Inc. ("Syneron") is a Delaware corporation, with a principal place of business at 1104 Heinz Drive, Str. B, Dundee, Illinois 60118.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Palomar's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this District under 28 U.S.C. §§ 1400(b). Syneron has transacted business and committed acts of infringement in this District, and this action arises from the transaction of that business and infringement.

**FIRST CLAIM FOR RELIEF**
(Patent Infringement)

7. Palomar is the exclusive licensee of U.S. Patent No. 5,735,844 ("the '844 patent"), entitled "Hair Removal Using Optical Pulses," which is assigned to MGH. The '844 patent was duly and legally issued on April 7, 1998.

8. Under U.S.C. ¶ 271(a) and (b), Syneron has and continues to infringe and induce infringement of the '844 patent, including without limitation, by making, using, selling and offering for sale products using light-based technology for hair removal, including but not limited to the Syneron eLight™, eMax™, eLaser™, Aurora DS, Polaris DS, Comet, and Galaxy systems.

9. Upon information and belief, Syneron's infringement has been and continues to be willful and deliberate.

10. As a result of Syneron's infringement, Palomar and MGH will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and have suffered substantial damages.

## SECOND CLAIM FOR RELIEF
(Patent Infringement)

11. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully set forth here.

12. Palomar is the exclusive licensee of U.S. Patent No. 5,595,568 ("the '568 patent") entitled "Permanent Hair Removal Using Optical Pulses," which is assigned to MGH. The '568 patent was duly and legally issued on January 21, 1997.

13. Under U.S.C. ¶ 271(a) and (b), Syneron has and continues to infringe and induce infringement of the '568 patent, including without limitation, by making, using, selling and offering for sale products using light-based technology for hair removal, including but not limited to Syneron eLight™, eMax™, eLaser™, Aurora DS, Polaris DS, Comet, and Galaxy.

14. Upon information and belief, Syneron's infringement has been and continues to be willful and deliberate.

15. As a result of Syneron's infringement, Palomar and MGH will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and have suffered substantial damages.

WHEREFORE, plaintiffs request that the Court:

16. Adjudge that MGH is the owner and Palomar is the exclusive licensee of the '844 patent with right to recovery thereunder, and that the '844 patent is good and valid in law and enforceable;

17. Adjudge that MGH is the owner and Palomar is the exclusive licensee of the '568 patent with right to recovery thereunder, and that the '568 patent is good and valid in law and enforceable;

18. Adjudge that Syneron has and continues to infringe and induce infringement of the '844 patent, and that such infringement has been willful and deliberate;

19. Adjudge that Syneron has and continues to infringe and induce infringement of the '568 patent, and that such infringement has been willful and deliberate;

20. Preliminarily and permanently enjoin Syneron, its officers, directors, employees, agents, licensees, successors, and assigns, and all persons in concert with them, from further infringement of the '844 patent;

21. Preliminarily and permanently enjoin Syneron, its officers, directors, employees, agents, licensees, successors, and assigns, and all persons in concert with them, from further infringement of the '568 patent;

22. Award Palomar and MGH compensatory damages;

23. Treble the damages assessed;

24. Award Palomar and MGH their costs and reasonable attorneys' fees; and

25. Award Palomar and MGH such other relief as the Court deems just and proper.

**PLAINTIFFS CLAIM A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

        Respectfully submitted,

        PALOMAR MEDICAL TECHNOLOGIES,
        INC. and THE GENERAL HOSPITAL
        CORPORATION

        By their attorneys,


        _/s/ Dimple Chaudhary_____
        Wayne L. Stoner (BBO # 548015)
        Vinita Ferrera (BBO # 631190)
        Kate Saxton (BBO # 655903)
        Wilmer Cutler Pickering Hale and Dorr LLP
        60 State Street
        Boston, Massachusetts  02109
        (617) 526-6000
Dated:  December 10, 2009        (617) 526-5000

## CERTIFICATION PURSUANT TO FEDERAL RULE 15(a)(2)

    I, Dimple Chaudhary, hereby certify that counsel for plaintiffs Palomar Medical Technologies, Inc. and the General Hospital Corporation conferred with counsel for Syneron Incorporated on December 9, 2009, and counsel for Syneron has consented to plaintiffs' First Amended Complaint in writing, attached hereto as Exhibit 1.

                                   /s/ Dimple Chaudhary
                                   Dimple Chaudhary (BBO # 674854)

# EXHIBIT 1

**From:** Neiman, Jill D. [mailto:JNeiman@mofo.com]
**Sent:** Wednesday, December 09, 2009 2:52 PM
**To:** Saxton, Kate
**Cc:** Press, Anthony L.
**Subject:** RE: Palomar Medical Technologies v. Syneron Corp.

Kate,

Syneron does not oppose Palomar filing the draft amended complaint previously sent to us.

Best regards,

Jill

---

**From:** Saxton, Kate [mailto:Kate.Saxton@wilmerhale.com]
**Sent:** Wednesday, December 09, 2009 11:29 AM
**To:** Neiman, Jill D.
**Subject:** Palomar Medical Technologies v. Syneron Corp.

Jill-

We understand that Syneron does not oppose Palomar filing an amended complaint to add MGH as a party to the action. Pursuant to Rule 15(a)(2), please so confirm in response to this email, which Palomar will then file with the amended complaint.

Thanks, Kate

**Kate Saxton | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6253 (t)
+1 617 526 5000 (f)
kate.saxton@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

## **CERTIFICATE OF SERVICE**

  I, Dimple Chaudhary, hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic court filing (ECF) system, this 10th day of December 2009.

              /s/ Dimple Chaudhary
              Dimple Chaudhary (BBO # 674854)