# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PALOMAR MEDICAL TECHNOLOGIES, INC. and THE GENERAL HOSPITAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SYNERON INCORPORATED,<br><br>Defendant.<br><br>SYNERON INCORPORATED,<br><br>Counterclaimant,<br><br>PALOMAR MEDICAL TECHNOLOGIES, INC. and THE GENERAL HOSPITAL CORPORATION,<br><br>Counterdefendants. | **Civil Action No.  08-11902 (RWZ)** |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Plaintiffs Palomar Medical Technologies, Inc ("Palomar") and The General Hospital Corporation ("MGH") (collectively, "Plaintiffs") and the defendant Syneron Incorporated ("Syneron") hereby submit their Joint Claim Construction Statement for U.S. Patent Nos. 5,595,668 (the "'568 patent") and 5,735,844 (the "'844 patent") pursuant to the parties' L.R. 16.1 joint statement entered by the Court on December 23, 2009 (Docket No. 26).

1. <u>Markman Hearing</u>.  The parties anticipate that the hearing, including tutorial, will require 3 hours.  Neither party will call witnesses at the hearing.

2.   <u>Tutorials</u>.  Syneron requests a short technology tutorial at the beginning of the hearing because its technology issues are different that those before the Court previously. Plaintiffs do not believe that a technology tutorial is necessary in light of the Court's familiarity with the patents-at-issue but will of course present one if the Court so prefers.

3.   <u>Claim Construction</u>.

   a.   <u>Agreed Terms</u>.  The parties agree to the following construction:

| Agreed Construction Re:  '568 Patent Claim Term ||
|---|---|
| **Claim Term** | **Agreed Construction** |
| **"wherein said illuminating heats the hairs and follicles so that hair is removed"**<br><br>Claims 1-10, 13, 14, 18-20. 23-24. | Wherein the hair is removed as a result of the heating of the hairs and follicles by the illumination. |

b. <u>Disputed Terms.</u>  The parties proposed the following construction of disputed terms, phrases, and clauses.  The parties propose that these items be considered in the order identified below.

| The '844 Patent Claim Terms | | |
|---|---|---|
| **Disputed Claim Terms** | **Plaintiffs' Proposed Construction** | **Syneron's Proposed Construction** |
| **"a selected wavelength"**<br><br>Claims 1, 3, 6-8, 17-19, 32, 38, 42, and 45-49. | One or more chosen wavelengths. | A single chosen wavelength. |
| **"a wavelength"**<br><br>Claims 27, 41.<br><br>**"the wavelength"**<br><br>Claims 46-49. | One or more wavelengths. | A single wavelength. |
| **"removal of a plurality of hairs from a skin region, each hair being in a follicle extending into the skin from a surface"**<br><br>Claims 1, 3, 6-8, 17-19, 32, 38, 41-42, and 45-49. | Plain meaning. | Removal of more than one hair from hair follicles in a skin region (whether the removal is permanent or temporary). |

| The '568 Patent Claim Terms | | |
|---|---|---|
| **Disputed Claim Terms** | **Plaintiffs' Proposed Construction** | **Syneron's Proposed Construction** |
| **"means for generating optical radiation"**<br><br>Claims 14, 18-20. | Plaintiffs agree that this is a "means plus function" § 112 claim term. Plaintiffs further state that the corresponding structure disclosed in the '568 Patent is a light source. | As a "means plus function" § 112 claim term, the corresponding structure disclosed in the specification—a laser. |
| **"optical radiation"**<br><br>Claims 1-10, 13, 14, 18-20, 23-24. | Light radiation. | Light radiation of a single wavelength. |
| **"the wavelength"**<br><br>Claims 8-10. | One or more wavelengths. | A single wavelength. |
| **"removing multiple hairs, each of which is in a corresponding follicle, from a skin region"**<br><br>Claims 1-10, 13, 14, 18-20. 23-24. | Plain meaning. | Removal of more than one hair from hair follicles in a skin region (whether the removal is permanent or temporary). |

c) <u>Other.</u>  Additionally, for the purpose of this case only, Plaintiffs and Syneron agree not to contest the constructions already adopted by the Court in its claim construction rulings issued in *Palomar Medical Technologies, Inc. et al. v. Cutera, Inc.*, Civil Action 1:02-cv-10258-RWZ (provided on February 24, 2004 (Docket No. 77)) and *Palomar Medical Technologies, Inc. v. Candela Corporation*, Civil Action 1:06-cv-11400-RWZ (provided on November 8, 2007 (Docket No. 72)), but reserve their rights to challenge those constructions on appeal or in other proceedings, to the extent such rights

exist. Plaintiffs further agree not to contest the constructions already adopted by the Court in its claim construction rulings issued in *Palomar Medical Technologies, Inc. et al. v Tria Beauty, Inc.*, Civil Action No. 1:09-cv-11081-RWZ (provided on October 13, 2010 (Docket No. 43)), but reserve their rights to challenge those constructions on appeal or in other proceedings, to the extent such rights exist.

Dated: October 19, 2010                SYNERON INCORPORATED

By its attorneys:

/s/ Jill D. Neiman
Anthony L. Press (admitted *pro hac vice*)
Jill D. Neiman (admitted *pro hac vice*)
Nicole M. Smith (admitted *pro hac vice*)

MORRISON & FOERSTER LLP
555 W. Fifth Street, Suite 3500
Los Angeles, California 90013
Ph: (213) 892-5200
Fax: (213) 892-5454
apress@mofo.com; jneiman@mofo.com; nsmith@mofo.com

Joan M. Griffin (BBO #549522)

P.O. BOX 133
Dublin, New Hampshire 03444
Ph: (617) 283-0954
Griffin@Lawjmg.com

Dated: October 19, 2010                PALOMAR MEDICAL TECHNOLOGIES, INC.
                                       and THE GENERAL HOSPITAL
                                       CORPORATION,

By their attorneys,

/s/ Kate Saxton
Wayne L. Stoner (BBO # 548015)
Vinita Ferrera (BBO # 631190)
Kate Saxton (BBO # 655903)
Dimple Chaudhary (BBO # 674854)

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts  02109
(617) 526-6000
(617) 526-5000

**CERTIFICATE OF SERVICE**

I, Jill D. Neiman, hereby certify that a copy of the foregoing document has been served upon all opposing counsel of record, by ECF on this 19th the day of October, 2010.

/s/ Jill D. Neiman
Jill D. Neiman